UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY G. CLARKE[1]  ]
    Petitioner,  ]
      ]
v.  ]    No. 3:09-0944
      ]    Judge Echols
PRESIDENT BARRACK HUSSEIN  ]
OBAMA, et al.  ]
    Respondents.  ]

## O R D E R

The Court has before it a *pro se* Petition for Temporary Restraining Order (Docket Entry No. 1), a Motion for Appointment of Counsel and an Affidavit of Indigency (Docket Entry No. 2).

The petitioner's Affidavit "requests the Court to waive any and all filing fees in this matter". Therefore, the Affidavit is construed to be a motion to proceed in forma pauperis. The petitioner is a disabled resident of Savannah, Tennessee. He lacks sufficient financial resources from which to pay for the filing of the Petition. Accordingly, the petitioner's motion to proceed in forma pauperis is hereby GRANTED. 28 U.S.C. § 1915(a).

The petitioner seems to be complaining about a lack of housing opportunities for AIDS patients in the Denver, Colorado area. He asks the Court "to issue order to the respondents to

---

[1] The Petition for Temporary Restraining Order (Docket Entry No. 1) lists Paul W. Marshall as a petitioner in this action. However, Marshall has neither submitted an application to proceed in forma pauperis nor signed the petition. As a consequence, the Court deems Anthony Clarke to be the only petitioner here.

produce documents" and to further restrain the respondents "from the use and concealment and destruction" of other documents (Docket Entry No. 1 at pg. 1).

Venue for this type of action is proper in the judicial district where either any respondent resides or where a substantial part of the events giving rise to this action occurred. 28 U.S.C. § 1391(b). The petitioner is complaining about events that occurred in or around Denver, Colorado. The petitioner does not reside in this judicial district. The petitioner did not transact any business with the respondents in this judicial district. Thus, the instant action has nothing to do with this judicial district and venue is not proper here.

When a case has been filed laying venue in the wrong judicial district, the Court is obliged to "dismiss, or if it be in the interest of justice, transfer such case" to the proper judicial district. 28 U.S.C. § 1406(a). In this instance, justice would not best be served by transferring the Petition for Temporary Restraining Order to another judicial district. Accordingly, this action is DISMISSED for improper venue.

It is so ORDERED

_____
Robert L. Echols
United States District Judge